IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRENTONIOUS ROBINSON                                                                             PLAINTIFF

v.                                               Case No. 4:21-cv-4055

JOHN VAN METER                                                                                  DEFENDANT

## **ORDER**

Before the Court is Plaintiff's failure to prosecute this matter.

On January 27, 2022, counsel for Plaintiff requested to withdraw, stating that they had completely lost contact with Plaintiff and that no attempts at communication with him had been successful. ECF No. 21. The Court subsequently granted the motion to withdraw. ECF No. 22. On June 14, 2022, Defendant filed a motion to compel, stating that Plaintiff had not complied with various discovery requests. ECF No. 23. The Court granted Defendant's motion to compel. ECF No. 26. On July 25, 2022, Defendant filed a Motion to Dismiss. ECF No. 28. Defendant states that Plaintiff has failed to adhere to the Court's prior order to compel discovery and has not communicated with counsel for Defendant in any manner. ECF No. 29, p. 1-2. Therefore, Defendant argues that Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute his claim. *Id*.

On August 9, 2022, the Court ordered Plaintiff to show cause within fourteen (14) days as to why he had not complied with discovery demands and why he had generally failed to litigate this matter. ECF No. 30. Plaintiff has failed to show cause and the time to do so has elapsed.

A *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Defendant's Motion to Dismiss (ECF No. 28) is hereby **GRANTED**. Plaintiff's Complaint (ECF No. 3) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 1st day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
